## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID TRAN,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-19-0758-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>          Agency. | DATE: May 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, Atlanta, Georgia, for the appellant.

Maxwell Selz, Esquire, and Jonathan Beyer, Esquire, APO, AE, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to supplement the administrative judge's findings concerning the appellant's whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

## BACKGROUND

The essential undisputed facts as set forth in the initial decision are as follows.  The appellant was employed by the Department of Defense Education Activity (DoDEA) as Principal of the Ankara Elementary/High School in Ankara, Turkey.  Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 1-2.  On June 30, 2019, the agency proposed the appellant's demotion based on two charges of conduct unbecoming a Federal supervisor (five specifications) and lack of candor (two specifications).  ID at 2.  The conduct unbecoming charge was based on the appellant's failure to ensure the proper use of a Government vehicle, failure to provide accurate information to a military unit concerning persons authorized to access the school, and allowing an individual with no official DoDEA affiliation to access the school to perform, among other things, personal services for school employees.  ID at 2-30.  The lack of candor charge was based on the appellant's inconsistent statements concerning his knowledge of the services performed by the individual whom he improperly allowed to access the school and his statement concerning communications about such individual's improper use of the Government vehicle.  ID at 30-38.  After affording the

appellant an opportunity to respond, the deciding official sustained the charges and the appellant was demoted, effective August 17, 2019. ID at 1-2. The record reflects that the appellant was demoted from his Principal position to a position as a Teacher (General Science). IAF, Tab 5 at 4.

The appellant filed a Board appeal, challenging his demotion and raising affirmative defenses of whistleblower reprisal and discrimination based on his race. IAF, Tab 1. After the appellant withdrew his request for a hearing, IAF, Tab 11, the administrative judge issued an initial decision based on the written record, ID at 1. The administrative judge sustained both charges, finding that the agency proved all of its specifications by preponderant evidence. ID at 2-38. The administrative judge further found that the appellant failed to prove his affirmative defenses of race discrimination and whistleblower reprisal.[2] ID at 38-47. Finally, the administrative judge found that the penalty of demotion was reasonable. ID at 47-52.

The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved its charges.</u>

In his petition for review, the appellant reiterates the arguments that he raised in his close of record submission below without citation to any evidence and without identifying any errors in the administrative judge's analysis

---

[2] Regarding the appellant's claim of race discrimination, the administrative judge found that the appellant failed to prove that the agency's action was "based on illegal discrimination due to his race." ID at 42. The appellant does not challenge such a finding on review; however, in light of the administrative judge's citation to and analysis under the standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016), ID at 38-42, we construe such a finding as tantamount to finding that the appellant failed to prove that his race was a motivating factor in the agency's decision to demote him. Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether retaliation was a "but-for" cause of the removal action. *See Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2.

concerning the agency's proof of its charges. *Compare* IAF, Tab 15 at 50-51, 53, *with* PFR File, Tab 1 at 16-18. Thus, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115(a)(2).

Regarding the conduct unbecoming charge, the appellant's argument that he was not responsible for keeping track of the Government vehicle's mileage or usage constitutes disagreement with the administrative judge's findings and does not provide a basis for reversal. PFR File, Tab 1 at 16. In particular, the administrative judge considered the record evidence and specifically rejected the appellant's argument, instead finding that the appellant, as principal and the senior administrative authority at the school, was vested with the responsibility to grant or deny use of the vehicle.[3] ID at 8, 14-16. Regarding the lack of candor

---

[3] On March 31, 2021, the appellant filed a motion for leave to file a supplemental petition for review in which he seeks to submit new information in the form of an affidavit from a teacher attesting to the fact that he advised her that a certain unauthorized individual was not permitted to drive the school van on September 25, 2018. PFR File, Tab 6. The appellant contends that this information is relevant to specification one of the agency's conduct unbecoming charge in which the administrative judge found that the agency proved that the appellant improperly failed to prevent the unauthorized individual from using the school van, despite having been on clear notice that the individual was not an authorized driver. PFR File, Tab 6 at 4; ID at 2-9. We deny the appellant's motion because, although the affidavit itself may have been unavailable prior to the close of the record, the appellant has not shown that the information contained in the affidavit is new. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (explaining that, to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); 5 C.F.R. § 1201.115(d). Moreover, the appellant has failed to show that the information in the affidavit is material because he has not shown how this evidence provides a basis for reversing the initial decision in which the administrative judge found that the penalty of demotion was reasonable based on the agency's proof of all five of its specifications in support of its conduct unbecoming charge as well as both specifications in support of its lack of candor charge. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (concluding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *see also Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding

charge, to the extent the appellant argues that his statements on March 13 and 16, 2019, were not inconsistent, PFR File, Tab 1 at 17, such an argument amounts to mere disagreement with the administrative judge's finding that the appellant's statement that he did not know what services were rendered by a non-DoDEA individual was false because 3 days later he provided a detailed list of services provided by such individual, ID at 31-34; *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The administrative judge properly found that the appellant failed to prove that he made a protected disclosure.</u>

The appellant contends that he made a protected disclosure when he reported an incident in which he believed that a teacher had abused the agency's sick leave policy by traveling to Cyprus when she was purportedly at home resting per her doctor's note. IAF, Tab 15 at 55; PFR File, Tab 1 at 18. The appellant's belief appears to have been based on the employee updating her cover photo on Facebook and indicating that the photo was of Cyprus. IAF, Tab 15 at 110. The record reflects that, on October 30, 2018, the appellant emailed another employee and carbon copied his supervisor concerning the situation and asked, "How should I handle this one?" *Id.* at 108. The employee responded by stating, "As far as the facebook post, it could be a photo from a different time and if not, while it feels bad--where she recovers from surgery is not really our issue." *Id.* at 107.

The administrative judge found that the appellant failed to prove that this email amounted to a protected disclosure because it failed to present any clue that it was identifying serious agency misconduct. ID at 46. The Board has held that

that, when more than one event or factual specification is set out to support a single charge, proof of one or more of the supporting specifications is sufficient to sustain the charge).

reporting time and attendance abuse can amount to a protected disclosure. *See, e.g.*, *Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 12 (2004) (finding that the appellant's specific allegations concerning time and attendance abuse that were based on her personal observations and supported by documentation amounted to a disclosure of a violation of law, rule, or regulation). Here, however, we find that a disinterested observer would not have concluded based on the updating of a Facebook cover photo, without further action or investigation, that this employee was engaging in time and attendance abuse. *See, e.g.*, *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 11 (2016) (stating that a reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions of the Government evidence one the categories of wrongdoing listed in section 2302(b)(8)(A)). Absent any other explanation or argument concerning the reasonableness of the appellant's belief, we find that the appellant has failed to prove by preponderant evidence that he reasonably believed that he was disclosing one of the categories of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A).

Although the administrative judge found that the appellant failed to prove that he raised nonfrivolous allegations that he made a protected disclosure, ID at 47, the appellant bears the burden of proving his affirmative defense of whistleblower reprisal by preponderant evidence, *see, e.g.*, *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013) (explaining that once the agency proves its adverse action case by preponderant evidence, the appellant must show by preponderant evidence that he made a protected disclosure that was a contributing factor in the agency's personnel action). Thus, we modify the initial decision to find that the appellant failed to meet his burden of proof under the preponderant evidence standard.

The appellant appears to assert that he made additional protected disclosures regarding that same teacher publishing a podcast containing offensive

comments about individuals at the school. IAF, Tab 15 at 54-56; PFR File, Tab 1 at 18-19. Such claims, however, were not included as part of the accepted issues in the Order and Summary of Close of Record Conference, which solely identified his October 30, 2018 email as his alleged protected disclosure, and the administrative judge did not analyze or mention them in the initial decision. IAF, Tab 13 at 5, Tab 16. The Board considers a nonexhaustive list of factors in determining whether an appellant is deemed to have waived or abandoned a previously identified affirmative defense. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18. The relevant factors include the following: (1) the thoroughness and clarity with which the appellant raised his affirmative defense; (2) the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear; (4) whether the appellant raised his affirmative defense or the administrative judge's processing of the affirmative defense claim in his petition for review; (5) whether the appellant was represented during the course of his appeal before the administrative judge and on petition for review, and if he was not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Id.*, ¶ 18. The list is not exhaustive, and none of the individual factors identified will be dispositive. *Id.* Instead, the applicability and weight of each factor should be determined on a case-by-case basis. *Id.*

In this case, nearly every one of the factors points to the conclusion that the appellant abandoned his affirmative defense. Regarding the first and second factors, we find that the appellant was not thorough, clear, or consistent in raising this protected disclosure. The appellant's initial appeal only clearly referenced

his protected disclosure on October 30, 2018, concerning the teacher's alleged sick leave abuse.[4]  IAF, Tab 1 at 41.  When discussing the contributing factor element, the appellant asserted that his supervisor was aware of an investigation the appellant started into a parent complaint about a teacher's podcast, but he did not clearly explain any alleged disclosure he made related to the teacher's podcast.  *Id.* at 42.  In his close of record submission filed on the date the record closed, the appellant referenced for the first time, without clear explanation or citation to any record evidence, additional alleged protected disclosures he made on five separate dates concerning alleged offensive remarks the teacher made in her podcast.  IAF, Tab 15 at 54-56.  Moreover, the agency believed the sole protected disclosure at issue in the appeal was the appellant's October 30, 2018 email and did not address any other disclosures.  IAF, Tab 4 at 12, Tab 14 at 23-25.  Regarding the third factor, the appellant did not object to the administrative judge's summary of the issues in the close of record order, which stated that the appellant's identified protected disclosure was an email he sent on October 30, 2018.  IAF, Tab 13 at 5.  The order specifically notified the appellant that additional issues not identified in the summary would be precluded and afforded him an opportunity to object.  *Id.* at 1, 6.  Regarding the fourth factor, the appellant has reiterated his claim on review, PFR File, Tab 1 at 18-19, so we will consider that as a challenge to the administrative judge's failure to adjudicate the claim.  Regarding the fifth factor, the appellant has been represented by an attorney during his proceedings before the Board.  Finally, regarding the sixth factor, there is nothing in the record to indicate that the appellant's presumptive abandonment of this alleged protected disclosure was the product of confusing, misleading, or incorrect information provided by the agency or the Board.  Under

---

[4] To the extent the appellant refers to an October 30, 2018 email disclosure to his supervisor regarding the teacher's podcast, IAF, Tab 15 at 17, 55; PFR File, Tab 1 at 18, he has not cited to any evidence in the record and we are unable to locate such an email.  Rather, the record appears to reflect that this alleged disclosure occurred on December 12, 2018.  IAF, Tab 15 at 55, 116.

these circumstances, we deem the appellant to have abandoned his claim of reprisal based on his alleged disclosure concerning offensive remarks made by a teacher in her podcast.

The administrative judge properly found that the penalty of demotion was reasonable.

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct). In making this determination, the Board must give due deference to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Pinegar*, 105 M.S.P.R. 677, ¶ 53. The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id*.

On review, the appellant disagrees with the administrative judge's findings that the deciding official appropriately weighed the *Douglas* factors and the agency's penalty was therefore entitled to deference. PFR File, Tab 1 at 25-28. In particular, he asserts that his lack of prior discipline, positive work record, and potential for rehabilitation outweigh the nature and seriousness of the offense. *Id*. at 26-28. However, we agree with the administrative judge that the record reflects that the deciding official considered the appellant's lack of prior discipline as well as his 18 years of service and positive work performance but found that the nature and seriousness of the offenses and the appellant's status as a principal and supervisor at a remote location overseas outweighed such factors.

ID at 48-52. The deciding official further considered the appellant's potential for rehabilitation but found that he did not show any such potential because he failed to acknowledge responsibility for his actions or demonstrate remorse in his reply. ID at 51. Thus, although the appellant may disagree with the demotion penalty, we discern no error in the administrative judge's determination that demotion was within the tolerable limits of reasonableness and the agency's selected penalty of demotion to a nonsupervisory position was entitled to deference. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359; *see also Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (noting that agencies are entitled to hold supervisors to a higher standard of conduct than nonsupervisors because they occupy positions of trust and responsibility), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.